UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TIBISAY SANCHEZ, ET AL.,<br><br>Defendants. | Case No. 25-cv-05058-NW<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: ECF No. 21 |

Plaintiff Innovative Sports Management ("Innovative") owns the domestic commercial exhibition rights to broadcast certain soccer games nationwide. Innovative sued Defendants Tibisay Sanchez, Carlos Andres Garcia (individually and d/b/a La Terraza Grill & Bar ("La Terraza")), and Gs-LLC (an unknown business entity d/b/a La Terraza Grill & Bar) for displaying, without a license, one of these soccer matches inside Defendants' restaurant. Defendants have failed to respond to any of the allegations made by Innovative in this case, and Innovative now moves for default judgment. For the following reasons, the Court grants default judgment against Defendants.

I.      **BACKGROUND**[1]

Innovative purchased exclusive commercial exhibition rights to license certain soccer matches to business establishments, including bars and restaurants, across the United States. Compl., ECF No. 1. Innovative owns the licensing rights to the June 15, 2024 soccer match

---

[1] For the purposes of default judgment, the factual allegations in a complaint are accepted as true except for those related to damages. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

between Colombia and Bolivia. *Id.* On that date, an agent of Innovative visited La Terraza in San Jose, California, and observed La Terraza displaying the match on televisions for its patrons to view. ECF No. 21-2. About 45 patrons were in La Terraza at the time. *Id*. Innovative does not allege that La Terraza advertised the event in advance nor charged a cover fee for patrons to enter. ECF No. 1.

On its California liquor license, La Terraza lists Gs-LLC as the primary owner and licensee. ECF No. 1, ¶ 8. The license also lists Defendants Tibisay Sanchez and Carlos Andres Garcia as managers and members of Gs-LLC. *Id.* ¶¶ 8, 9.

Innovative filed this suit on June 13, 2025, seeking damages under the Communications Act of 1934, as amended, Title 47 U.S.C. § 605 or alternatively under the Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. § 553, and damages for conversion under California state law. ECF No. 1. On July 25, 2025, the Clerk of the Court issued a summons as to Defendants at 6944 Almaden Expressway, San Jose, CA 95120. ECF No. 11. According to the proof of service, on August 27, 2025, a process server for Innovative served the Defendants by substitute service upon Andres Gomez, the competent member at Defendants' "home" at the 6944 Almaden Expressway address. ECF Nos. 12-14. On September 3, 2025, Innovative mailed a copy of the complaint and summons to the same address by first class, postage prepaid mail. ECF Nos. 12-14.

To date, Defendants have neither responded to Innovative's complaint nor made any appearance in this matter. On October 19, 2025, the Clerk of the Court entered default against Defendants. ECF No. 18. On January 16, 2026, Innovative moved for default judgment against all Defendants. ECF No. 21. The Court held a hearing on the motion on February 24, 2026, at which Defendants did not appear. ECF No. 28.

## II.    LEGAL STANDARD

Federal Rule 55(b)(2) allows a party "to apply to the court for a default judgment." The decision to enter a default judgment is entirely within the district court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Courts consider the following factors in determining whether default judgment is proper:

United States District Court
Northern District of California

2

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Where a plaintiff seeks default against a non-appearing defendant, the court "should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court must also assess the adequacy of service of process on the non-appearing party. *See, e.g.*, *Innovative Sports Management, Inc. v. Nunez*, No. 22-cv-07136-JSC, 2023 WL 4551069, at *2 (N.D. Cal. July 13, 2023).

### III.    ANALYSIS

#### A.    Jurisdiction

The Court has subject matter jurisdiction over this lawsuit because Innovative's claims arise under two federal statutes, Title 47 U.S.C. § 553 and § 605. 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Innovative's conversion claim because that claim arises from the same facts that give rise to the Court's original jurisdiction. 28 U.S.C. § 1367. The Court also has personal jurisdiction over Defendants because Defendant Gs-LLC owns the La Terraza Grill & Bar, the California-based establishment at which the display of the match occurred. Defendants Sanchez and Garcia are subject to the Court's personal jurisdiction by way of their roles as managers of Gs-LLC. Venue lies properly within this district pursuant to 28 U.S.C. § 1391.

#### B.    Service of Process

Federal Rule 4(e)(1) allows a plaintiff to serve process on a defendant by "following [the] . . . law for serving a summons" of the state in which the federal court sits. California authorizes substitute service when the "summons and complaint cannot with reasonable diligence be personally delivered to the person to be served[.]" Cal. Code Civ. P. § 415.20. Ordinarily, two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made. *Hearn v. Howard*, 177 Cal. App. 4th 1193, 1202 (2009). Courts in California "permit service to be completed upon a good faith

United States District Court
Northern District of California

3

attempt at physical service on a . . . person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party." *Id.*, at 1202-03. To satisfy substituted service, a plaintiff must also send the defendant a copy of the documents via first-class mail at the same place where the process server left the documents. Cal. Code. Civ. P. § 415.20(b). Service is deemed complete ten days later. *Id*.

Innovative's process server unsuccessfully attempted to personally serve Defendants at La Terraza on separate occasions, four days apart, and at different times of day. On the first and second attempts, an employee of the restaurant told the process server that Defendants were not there. When the server was unsuccessful, he left the service documents with an employee, Andres Gomez, and then mailed the documents to the restaurant. This is sufficient service of process.

**B.    *Eitel* Factors**

The *Eitel* factors support entering default judgment against Defendants.

**Factor 1: Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor supports default judgment because without judgment, Innovative will be left without a remedy. *See Innovative Sports Mgmt., Inc. v. Gutierrez*, No. 22-CV-05793-BLF, 2023 WL 4157627, at *2 (N.D. Cal. June 23, 2023) (citing *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

**Factors 2 and 3: Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

Innovative's complaint alleges (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion.[2] ECF No. 1. A plaintiff may recover under either Section 605 or Section 553, but not both. *See J & J Sports Prods., Inc. v. Ro*, No. C-09-02860-WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010). Where Section 553 prohibits unlawful interception of a cable signal, Section 605 prohibits unlawful interception of a satellite broadcast. A defendant "cannot violate both by a single act of interception." *J & J Sports Prods., Inc. v. Manzano*, No. c-

---

[2] Innovative's complaint alleges a fourth claim for violation of California Business and Professions Code Section 17200, *et seq.* However, Innovative does not seek default judgment as to that claim. ECF No. 21 at 3. Innovative seeks default judgment only for its remaining three claims: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion.

United States District Court
Northern District of California

08-01872-RMW, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008).

The Court concludes that the second *Eitel* factor weighs against awarding default judgment under Section 605. The complaint's sole allegation purportedly giving rise to liability under Section 605 is that the soccer match "originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal to Plaintiff's lawful sub-licensees." ECF No. 1, ¶ 23. Innovative incorrectly argues that this claim meets the threshold finding required for liability under Section 605. To prevail under Section 605, the complaint needs to allege that the defendants "intercepted a satellite transmission[] as opposed to a cable signal[.]" *G & G Closed Circuit Events, LLC, v. Macias*, No. 20-cv-02916-BLF, 2021 WL 2037955, at *3 (N.D. Cal. May 21, 2021). The focus is on the defendants' manner of interception, not the plaintiff's manner of transmission. The complaint states that the match was transmitted via both cable and satellite, meaning that the defendants might have intercepted either a cable or satellite display of the soccer match. "Indeed, the fact that violations of both 605 and 553 were alleged in the Complaint indicates that Plaintiff is unable to specify the type of transmission." *See J & J Sports Prods., Inc. v. Coria*, No. c-12-05779-JSW, 2015 WL 1089044, at *4 (N.D. Cal. Feb. 27, 2015) (cleaned up).

Innovative has failed to provide any clear evidence as to how the soccer match was intercepted. Innovative's investigator only attested to his presence at the bar during the display of the match and said nothing about investigating the means of transmission. *See J & J Sports Prods., Inc. v. Segura*, No. c-12-01702-JSW, 2014 WL 1618577 (N.D. Cal. Apr. 21, 2014) ("[I]f plaintiff wanted to prove this, they could have filed a third party subpoena or requested an order for inspection . . . a defendant's default does not eliminate the opportunity to take third party discovery.") (citations omitted).

Given the lack of factual allegations supporting liability under Section 605, the Court finds it inappropriate to enter default judgment under that provision. Instead, the Court concludes that entering default judgment under Section 553 is more appropriate.[3]

_____

[3] In the absence of clear evidence to the contrary, courts consistently find that a violation of

Innovative filed an affidavit and declaration of investigator Mario Galvez demonstrating that Defendants displayed the match at La Terraza on June 15, 2024.  ECF No. 21-2.  Innovative also filed an affidavit and declaration of Doug Jacobs, Innovative's President, demonstrating both Innovative's ownership of the licensing rights to the match and Defendants' failure to procure a commercial license.  ECF No. 21-3.  This is sufficient to establish a basis for relief under Section 553.

Innovative has not adequately alleged its conversion claim.  In the complaint, Innovative does not identify the legal basis for its claim.  Instead, Innovative simply states that Defendants "tortuously obtained possession of the *Program* and wrongfully converted same for his own use and benefit."  Compl. ¶ 38.  Conclusory allegations are insufficient and not well pleaded.  *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (default judgment reversed on appeal where complaint failed to allege required elements of a claim).  Because Innovative has not adequately pled the elements nor identified the law upon which it relies, the Court finds that Innovative has not established a basis for default judgment for its conversion claim.

**Factor 4: Sum of Money at Stake in the Action**

The fourth factor, sum of money at stake, also favors default judgment.  Innovative requests $3,500 in statutory damages and an additional $18,000 in "enhanced" damages under 47 U.S.C. § 605.  ECF No. 21.  Section 605 empowers courts to award up to $10,000 in statutory damages and $100,000 in enhanced damages.  Alternatively, Innovative seeks the same damages under 47 U.S.C. § 553, which empowers courts to award up to $10,000 in statutory damages and up to an additional $50,000 in enhanced damages.  *Id*.  Finally, Innovative seeks $750 in damages for its conversion claim.  Innovative seeks a total of $22,250 in damages.  *Id.*  This is a substantial sum, but it remains within the statutory range.  The fourth factor therefore slightly favors default judgment.

---

Section 553 is more likely than a violation of Section 605 given the relative ease of a defendant hiding a cable box compared to a satellite dish.  *See J & J Sports Prods., Inc. v. Guzman*, No. c-08-05469, 2009 WL 1034218, at *2 (N.D. Cal. Apr. 16, 2009) ("[G]iven that a cable box is more easily hidden, the court finds that defendants violated section 553, but not section 605.").

**Factor 5: Possibility of a Dispute Concerning Material Facts**

The fifth factor is neutral because it is impossible to know whether there will be a dispute concerning material facts given Defendants' failure to appear in this action.

**Factor 6: Whether the Default was Due to Excusable Neglect**

The sixth factor, excusable neglect, also supports default judgment because Innovative served Defendants with the complaint and summons pursuant to California substitute service. There is no indication that Defendant's default is due to excusable neglect.

**Factor 7: Policy Favoring Decisions on the Merits**

The seventh factor weighs against default judgment because the Federal Rules embrace a "strong policy" of deciding cases on the merits. *Eitel*, 782 F.2d at 1472. Where one party fails to litigate a case, it is impossible to decide a case on the merits.

On balance, the first, second, third, fourth, and sixth factors favor default judgment. For the foregoing reasons, the *Eitel* factors support entering default judgment against Defendants on Innovative's claim under 47 U.S.C. § 553.

## IV.    SCOPE OF RELIEF

### A.    Conversion

Innovative's allegations do not support its conversion claim. Accordingly, Innovative is not entitled to recover the $750 it seeks for that claim.

### B.    Damages under 47 U.S.C. § 553

The complaint's factual allegations, when taken as true, state a claim for relief under Section 553. Innovative is therefore entitled to damages. Under Section 553, a plaintiff may recover actual damages or "an award of statutory damages . . . in a sum of not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A). Where the court concludes that the "violation was committed willfully and for purposes of commercial advantage or private financial gain," the court may award enhanced damages of up to $50,000. *Id*. § 553(c)(3)(B). Although the Ninth Circuit has not set forth specific factors to determine an appropriate figure for damages, district courts consider a range of factors, including "use of cover charge, increase in food price during programming, presence of advertisement, number of patrons,

number of televisions used, and impact of the offender's conduct on the claimant." *J & J Sports Prods., Inc. v. Concepcion*, No. c-10-05092 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011). Often, "courts award statutory damages in an amount equal to the actual loss based on the licensing fee[.]" *Nunez*, 2023 WL 4551069, at *6. The Ninth Circuit has indicated that district courts should consider the effect that a damages award might have in deterring the defendants' unlawful activities in the future. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

Innovative seeks $3,500 in statutory damages and $18,000 in enhanced damages. As to statutory damages, Innovative provided an affidavit demonstrating that Defendants would have paid $750 to display the soccer match in a bar the size of La Terraza. ECF No. 21-3. The Court agrees that it is reasonable to award statutory damages such that Innovative is compensated for the licensing fee it lost by virtue of the unauthorized broadcast. *See Nunez*, 2023 WL 4551069, at *6. Here, the usual factors for determining an appropriate sum for damages are not implicated. There is no indication that Defendants increased the food prices, advertised, or charged a cover fee. In light of the above, the Court finds that an award of modest damages is just and provides a deterrence. Accordingly, the Court awards Innovative $3,500 in statutory damages. *See* 47 U.S.C. § 553(c)(3)(A).

As to enhanced damages, and as noted above, Innovative's briefs do not allege that Defendants advertised the match, charged a cover fee, or increased food prices during programs. Nor does Innovative allege that Defendants have engaged in this conduct previously. As the Ninth Circuit has counseled, a district court's award of damages should focus on deterring future unlawful conduct. *See Kingvision*, 168 F.3d at 350. The Court does not view the circumstances here as meriting any greater deterrent measures than statutory damages and does not award enhanced damages.

The Court awards Innovative $3,500 on its Section 553 claim against all Defendants.

## C.    Attorney's Fees and Costs

Innovative seeks leave to file a motion for costs and attorneys' fees. Though Section 605 requires courts to award costs and attorneys' fees to a prevailing plaintiff, Section 553 leaves this

to the court's discretion. *Concepcion*, 2011 WL 2220101, at *5 ("Under Section 605, an award is mandatory, but under Section 553, it is not."). Should the Court choose to make such an award, Section 553(c)(2)(C) allows for "recovery of full costs . . . [and] reasonable attorneys' fees." Should Innovative wish to recover its fees and costs, its motion for costs and attorneys' fees must be filed within 14 days of this Order. Innovative's motion should explain why the Court should exercise its discretion to award fees and costs and provide the evidentiary basis for the claimed fees and costs.

## V.   CONCLUSION

The Court ORDERS as follows:

(1) Innovative's motion for default judgment is denied as to the claims under 47 U.S.C. § 605 and for conversion;

(2) Innovative's motion for default judgment is granted as to the claim under 47 U.S.C. § 553;

(3) The Court awards Innovative $3,500 in damages in total, specifically $3,500 in statutory damages against all Defendants; and

(4) Innovative shall file its motion for attorneys' fees and costs within 14 days of this Order.

**IT IS SO ORDERED.**

Dated: March 17, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California