UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT INC,<br><br>Plaintiff,<br><br>v.<br><br>TIBISAY SANCHEZ, et al.,<br><br>Defendants. | Case No. 25-cv-05058-NW<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: ECF No. 32 |

Plaintiff Innovative Sports Management ("Innovative") owns the domestic commercial exhibition rights to broadcast certain soccer games nationwide.  Innovative sued Defendants Tibisay Sanchez, Carlos Andres Garcia (individually and d/b/a La Terraza Grill & Bar ("La Terraza")), and Gs-LLC (an unknown business entity d/b/a La Terraza Grill & Bar) for displaying, without a license, one of these soccer matches inside Defendants' restaurant.

On March 17, 2026, the Court granted Innovative's motion for default judgment against Defendants for Innovative's claim under 47 U.S.C. § 553.  The Court awarded Innovative $3,500 in statutory damages against all Defendants and permitted Innovative to file a motion for attorney's fees and costs.

On March 31, 2026, Innovative filed a motion for attorney's fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C).  For the following reasons, Innovative's motion is granted in part and denied in part.

## I.      LEGAL STANDARD

Under 47 U.S.C § 553(c)(2)(C), courts have discretion to "direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" in a Cable & Television Consumer Protection and Competition Act case.  In exercising that discretion, courts

apply the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted). This method multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. (citation omitted). "[C]ounsel bears the burden of submitting detailed time records justifying the hours claimed . . . [which] may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). "[A] district court may reduce a fee award if the amount of recovery was modest relative to the amount the plaintiff initially sought." *Vargas v. Howell*, 949 F.3d 1188, 1195 (9th Cir. 2020) (citation modified).

## II.    DISCUSSION

### A.    Attorney's Fees

Innovative requests $12,062.50 in attorney's fees, which breaks down as follows:

- 13 hours of work at an hourly rate of $750 by attorney Thomas P. Riley, totaling $10,275; and

- 5.5 hours at an hourly rate of $325 by an unidentified research attorney, totaling $1,787.50.

The Court agrees that the hourly rates requested by Innovative are reasonable. *See Innovative Sports Mgmt., Inc. v. Lizcano*, No. 24-cv-02678-PCP, slip op. at 2 (N.D. Cal. Mar. 17, 2025) (approving hourly rates of $675 for Mr. Riley and $325 for research attorney). The Court concludes, however, that it is appropriate to reduce the hours sought by Innovative for two reasons.

First, Innovative states that "[b]illable hours for legal services rendered [were] reconstructed by way of a thorough review of the files themselves." Decl. of Thomas P. Riley, ECF No. 32-1, at ¶ 7. "Because the billing records were not created contemporaneously, the Court finds that they are inherently less reliable and susceptible to time inflation." *Innovative Sports Mgmt., Inc. v. Gutierrez*, 22-cv-05793-BLF, 2023 WL 4686018, *2 (N.D. Cal. July 20, 2023). The Court finds that it is reasonable to reduce the requested fee award by twenty-five percent

given the non-contemporaneous nature of Mr. Riley's billing records. *See id*. (applying a twenty-five percent reduction); *see also Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983) ("[T]he District Court properly considered the reasonableness of the hours expended, and reduced the hours of one attorney by thirty percent to account for his inexperience and failure to keep contemporaneous time records.").

Second, the Court finds that an additional ten percent reduction is warranted because counsel's "firm routinely files these sorts of claims" and much of the time billed for extensive research, including for the instant motion for attorney's fees, is therefore likely unnecessary. *Innovative Sports Mgmt., Inc. v. Arias*, No. 22-cv-05773-WHA, 2023 WL 4238494, at *2 (N.D. Cal. June 27, 2023). In fact, the motion states the following:

> With respect to the novelty and difficulty of the questions presented, while the field of piracy law in general often involves novel and difficult questions, this specific case did not present any unusual challenges. This case did not preclude counsel from taking any other employment, there were no time limits imposed by the client or the circumstances.

ECF No. 32 at 6.

Applying the twenty-five percent and ten percent reductions (35% total) brings the total billable amount from $12,062.50 to $7,840.63.

**B.      Costs**

Innovative requests costs in the amount of $1,227.50. This amount includes $405 for the complaint filing fee, $85 for a transcript request, and $737.50 for investigative expenses. The Court finds it appropriate to limit costs "to the complaint filing fee, the service of process charges, and the transcript fees. Pre-filing investigative costs are not costs incurred in prosecuting the lawsuit and thus not recoverable." *Arias*, 2023 WL 4238494, at *2 (quoting *G & G Closed Cnir. Events, LLC v. Segura*, No. 20-cv-07576 WHA, 2021 WL 4978456, at *2 (N.D. Cal. Sept. 28, 2021)). The Court therefore awards Innovative $490 in costs.

/ / /

/ / /

**III.    CONCLUSION**

Innovative's motion is granted in part and denied in part.  The Court awards Innovative $7,840.63 in attorney's fees and $490 in costs, totaling $8,330.63.

**IT IS SO ORDERED.**

Dated: June 8, 2026

_____
Noël Wise
United States District Judge

4