United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT INC,<br>Plaintiff,<br>v.<br>TIBISAY SANCHEZ, et al.,<br>Defendants. | Case No. 25-cv-05058-NW<br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br>Re: ECF No. 36 |

Plaintiff Innovative Sports Management, Inc. ("Plaintiff") brought the instant action against Defendants Tibisay Sanchez, Carlos Andres Garcia (individually and d/b/a La Terraza Grill & Bar ("La Terraza")), and Gs-LLC (an unknown business entity d/b/a La Terraza Grill & Bar) (together, "Defendants"), alleging that Defendants unlawfully intercepted and exhibited a program to which Plaintiff had secured the exclusive rights for commercial distribution. *See* Compl., ECF No. 1. Based on this alleged conduct, Plaintiff brought claims for conversion and violations of 47 U.S.C. § 553, 47 U.S.C. § 605, and California Business and Professions Code §§ 17200, et seq. *Id*.

To date, Defendants have not responded or otherwise appeared in this action. On January 16, 2026, Plaintiff moved for default judgment on his claims for conversion and violation of 47 U.S.C. § 605, or in the alternative § 553, seeking $750 for the conversion claim, as well as $3,500 in statutory damages and $18,000 in enhanced statutory damages. ECF No. 21.

On March 17, 2026, the Court issued an order granting default judgment on Plaintiff's claim under 47 U.S.C. § 553 and denying default judgment as to the other claims. ECF No. 29. The Court awarded Plaintiff $3,500 in statutory damages.

Now pending before the Court is Plaintiff's motion to alter or amend judgment, brought

under Federal Rule of Civil Procedure 59(e), in which Plaintiff requests that the Court grant enhanced statutory damages and reconsider the Court's determination that Plaintiff's conversion claim was not well pled. ECF No. 36. The Court finds the motion suitable for decision without oral argument, *see* Civil Local Rule 7-1(b), and DENIES the motion for the following reasons.

A motion "under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell*, 197 F.3d at 1255 n.1).

Plaintiff argues that the Court committed "clear error" by (1) not awarding any enhanced statutory damages and (2) by finding that Plaintiff's conversion claim was not well pled. ECF No. 36.

First, as to enhanced statutory damages, Plaintiff contends that the Court failed to address Plaintiff's supplemental brief, which Plaintiff says shows that Defendants had previously engaged in similar wrongful conduct. *See* ECF No. 27. Plaintiff is mistaken that the Court did not consider its supplemental brief. In the motion to alter judgment, Plaintiff in fact quotes from the hearing transcript where the Court and Plaintiff's counsel discussed the supplemental brief. ECF No. 36 at 8. The content of the supplemental brief was not persuasive on the issue of enhanced statutory damages. The statute does not *require* the Court to award enhanced statutory damages but gives the Court the discretion to do so if it makes the requisite finding that the "violation was committed willfully and for purposes of commercial advantage." 47 U.S.C. § 553(c)(3)(B) ("In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages .

United States District Court
Northern District of California

. . ."). In assessing enhanced statutory damages, the Court did not find that requisite showing. The other factors discussed by the Court, including the lack of evidence that Defendants were repeat offenders, the lack of advertising, and the lack of a cover charge were factors the Court considered in making its damages determination. More specifically, Plaintiff's supplemental brief shows that the Defendants were served in a prior case only three weeks prior to the violation in this case; the supplemental brief does not show that the Defendants had judgment entered against them in any prior proceeding. Plaintiff did not allege that Defendants had been found liable for this conduct previously. Nothing in the Order on default judgment suggests that the Court conducted a clearly erroneous damages analysis by not finding that Defendants acted willfully or for purposes of commercial advantage where Defendants had only been served with a complaint for a first violation weeks prior. *See J & J Sports Prods., Inc. v. Lorenzana*, No. 13–cv–05554, 2014 WL 4961809, at *1 (N.D. Cal. Sept. 30, 2014) ("Plaintiff, however, fails to meet the requirements of Rule 59(e), specifically failing to show that the Court committed 'clear error.' Plaintiff simply disagrees with the balance struck by the Court in determining the damages award.").

Second, Plaintiff argues that the Court erred by finding that Plaintiff had not adequately alleged and supported its conversion claim. A plaintiff alleging conversion in California must establish (1) ownership or right to possession of property, (2) wrongful disposition of the property, and (3) damages. *G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.,* 958 F.2d 896, 906 (9th Cir.1992). "Some courts have decided illegal broadcasting of cable programs creates a claim for conversion, while others have not." *J & J Sports Prods., Inc. v. Betancourt*, No. 08CV937JLS (POR), 2009 WL 3416431, at *2 (S.D. Cal. Oct. 20, 2009) (comparing *Kingvision Pay-Per-View, Ltd. v. Chavez*, No. C 00-2270 CRB, 2000 WL 1847644, at *4 (N.D. Cal. Dec. 11, 2000) (conversion) and *Kingvision Pay-Per-View v. Guzman*, No. C 09-00217 CRB, 2009 WL 1475722, at *3 (N.D. Cal. May 27, 2009) (no conversion)). In addition to the deficiencies with the complaint outlined in the Court's Order, Plaintiff did not support its conversion claim allegations in its motion for default judgment. In the motion, Plaintiff restated the three elements of a conversion claim and then offered nothing more than the following conclusion: "Plaintiff's

Complaint properly alleges the elements of the above causes of action and, therefore, the first two factors of the Eitel analysis are satisfied." *See* ECF No. 21-1 at 8-9. The Court finds that Plaintiff has not met its burden of demonstrating "clear error" in the Court's determination that Plaintiff's conversion claim was not well pled.

The Court's initial award of $3,500 in statutory damages is a considerable penalty for a small business, and the award is sufficient to serve as both a specific deterrent to Defendants and a general deterrent for the conduct at issue. Given the number of cases Plaintiff has in this District and before this Court, the Court reminds Plaintiff for future cases that the Ninth Circuit has instructed that Rule 59(e) is "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Plaintiff's motion to alter or amend judgment is DENIED.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Noël Wise
United States District Judge